UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12747-GAO

AUTO-DIMENSIONS LLC,
Plaintiff,

v.

DASSAULT SYSTEMES SOLIDWORKS CORP. and AAVID THERMALLOY LLC,
Defendants,

and

DASSAULT SYSTEMES SOLIDWORKS CORP.,
Third Party Plaintiff,

v.

SOFTECH, INC.,
Third Party Defendant.

OPINION AND ORDER
March 4, 2014

O'TOOLE, D.J.

The plaintiff, Auto-Dimensions LLC, has brought a patent infringement action against the defendants, and, in addition to filing counterclaims against Auto-Dimensions, defendant Dassault Systemes SolidWorks Corporation ("SolidWorks") has brought a third-party complaint against the previous owner of the patent, Softech, Inc., seeking indemnification from any judgment it may have to pay to the plaintiff. Softech has moved to disqualify Auto-Dimensions' law firm, Sheridan Ross P.C. ("Sheridan"), on the ground that Sheridan previously represented Softech with regard to discovery matters in this case prior to the filing of the third-party complaint.

Disqualification in this instance is governed by Rule 1.9(a) of the Massachusetts Rules of Professional Conduct:[1]

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

The Massachusetts Supreme Judicial Court has used a two-part test to determine whether an impermissible conflict exists between a former and a current client: (1) "the current representation must be 'adverse' to the interests of the former client"; and (2) "the matters of the two representations must be 'substantially related.'" Adoption of Erica, 686 N.E. 2d 967, 971 (Mass. 1997). The SJC has also noted that "[d]isqualification, as a prophylactic device for protecting the attorney-client relationship, is a drastic measure which courts should hesitate to impose except when absolutely necessary." Id. at 970.

There is little question that Sheridan represented Softech in a "substantially related" matter, because it was a matter (third-party discovery) in the course of the present case. Sheirdan represented Softech on a limited basis in responding to third party subpoenas and defending against third party depositions in this case before the third-party complaint was filed. Even on a limited basis, it would be reasonable to assume confidential information related to this very case was given by Softech to Sheridan as a normal part of the representation. See ebix.com, Inc. v. McCracken, 312 F. Supp. 2d 82, 89 (D. Mass 2004). The more difficult question is whether Sheridan's continued representation of Auto-Dimensions would be materially adverse to Softech's interests.

---

[1] The Massachusetts Rules of Professional Conduct have been adopted by the District of Massachusetts per Local Rule 83.6(4)(B).

It is Softech's burden, as the moving party, to establish that disqualification is warranted. See <u>Eaves v. City of Worcester</u>, 2012 WL 6196012 at 2 (D. Mass., Dec. 11, 2012; <u>Alere Inc. v. Church & Dwight Co., Inc.</u>, 2012 WL 1098420 at *3 (D. Mass. March 31, 2012). It has not carried that burden as to the existence of material adversity between it and Auto-Dimensions. Sheridan's prior representation of Softech was in effect a joint representation of Auto-Dimensions and Softech regarding discovery by SolidWorks in regard to the patent claims between Auto-Dimensions and SolidWorks. In agreeing to that joint representation, Softech implicitly acknowledged some alignment in the interests of the two parties, which was unsurprising for the former and current owner of the patent.

It is possible that in the course of the joint representation for discovery purposes Sheridan learned some confidences of Softech that may relate to SolidWorks' third-party complaint against Softech. But that does not either clearly or necessarily place Auto-Dimensions in an adversarial posture against Softech as to those issues. For instance, Auto-Dimensions would presumably be quite content to prevail in its direct action against SolidWorks and have SolidWorks fail in its state law claims against Softech. There is no reason for Auto-Dimensions to seek to aid SolidWorks in those claims.

As of now, there are no direct claims that have been asserted in litigation between Auto-Dimensions and Softech. To the extent there has been some recent saber-rattling, Auto-Dimensions apparently retained other counsel, not Sheridan, to represent it as to those potential issues.

There does not appear to be any helpful decided cases on the questions whether or under what circumstances material adversity for purposes of Rule 1.9 can or should be found where the present and former clients are the plaintiff and third party defendant in litigation, with no direct

claims between them. Since, in Massachusetts, court-ordered disqualification is "a drastic measure which courts should hesitate to impose except when absolutely necessary," Adoption of Erica, 686 N.E.2d at 970 (citation and quotation marks omitted), a more convincing showing should be required of a movant for disqualification than Softech has marshaled here.

For the reasons stated herein, Softech's Motion (dkt. no. 71) to Disqualify Sheridan Ross P.C. as Counsel for Auto-Dimensions is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge