**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AUTO-DIMENSIONS LLC,<br><br>     Plaintiff,<br><br>v.<br><br>DASSAULT SYSTÈMES SOLIDWORKS CORPORATION; AAVID THERMALLOY LLC,<br><br>     Defendants.<br><br>and<br><br>DASSAULT SYSTÈMES SOLIDWORKS CORPORATION,<br><br>     Third Party Plaintiff,<br><br>v.<br><br>SOFTECH, INC.<br><br>     Third Party Defendant. | Civil Action No. 1:13-CV-12747-GAO<br><br>JURY TRIAL DEMANDED |

**AUTO-DIMENSIONS LLC'S OPPOSITION TO SOLIDWORKS'**
**MOTION FOR LEAVE TO FILE A THIRD AMENDED ANSWER AND**
**COUNTERCLAIMS AND THIRD-PARTY COMPLAINT**

**I.     INTRODUCTION**

Defendant Dassault Systèmes SolidWorks Corporation's ("SolidWorks") Motion for Leave to File its Third Amended Answer and Counterclaims and Third-Party Complaint [Doc. No. 109] ("Motion") should be denied because it is too late. This is not the first time SolidWorks has requested this deadline be moved. The original deadline to add parties was July 15, 2013. On July 15, 2013, SolidWorks requested this deadline be extended to July 19, 2013. Plaintiff Auto-Dimensions LLC ("A-D") did not oppose this request, and the court granted SolidWorks'

motion to move the deadline to amend to add parties to July 19, 2013. On July 19, 2013 SolidWorks added SofTech as a party.  Now, more than one year later, SolidWorks' Motion seeks for the second time to add another party, but it fails to demonstrate any good cause as to why it should be allowed to add parties well after the deadline and well after it learned of the information that it now claims justifies its Motion.  Indeed, it appears SolidWorks now seeks leave to add a third party to cure a fatal flaw in its discovery requests to A-D that are currently subject to a motion to compel, trying to create relevance after the fact.[1]  Although SolidWorks' Motion couches its new allegations as proposed counterclaims against A-D, SolidWorks admits it is seeking to add a third-party, Acacia Research Group LLC ("ARG"). (*See* SolidWorks Mot. 1-2).[2]

As further detailed below, SolidWorks fails to establish good cause why it should be allowed to add parties over a year after the stipulated deadline.  At best, SolidWorks has been in the possession of the documents that purportedly support its claims for at least eleven months prior to the filing of it seeking leave to amend its claims to add a party.  Yet, SolidWorks does not explain why it only now seeks to add a party, and its Motion is a transparent attempt to circumvent the fatal flaw in its Motion to Compel A-D to produce documents [Doc. No. 102].

## II.    <u>BACKGROUND</u>

A-D filed its claim for patent infringement against SolidWorks and Aavid Thermalloy, LLC ("Aavid"), Case No. 6:12-cv-1022-LED-JDL, and Autodesk, Inc. ("Autodesk")[3], 6:12-cv-

---

[1] After the filing of this Motion for Leave to Amend, SolidWorks filed an unopposed motion for leave to file a Reply in Support of its Motion to Compel, asserting the discovery it seeks is relevant to the new claims it now seeks leave to add with this Motion.

[2] Because SolidWorks' claims seek to add claims against ARG, A-D does not address whether claims against ARG would be futile.

[3] Defendant Xterra Communications, Inc. was voluntarily dismissed without prejudice by A-D in Case No. 6:12-cv-1022-LED-JDL.  Defendants Applied Concepts, Inc. and Aavid were

1021 in the U.S. District Court for the Eastern District of Texas (the "Texas Action"), asserting infringement of U.S. Patent No. 5,655,095 ("the '095 Patent").  Magistrate Judge Love ordered the consolidation of A-D's case against SolidWorks and Aavid with the case against Autodesk for the purposes of pre-trial issues, except for SolidWorks' motion to transfer venue (Declaration of Justin R. Cruz, ("Cruz Decl.")  ¶ 3, Ex. 1.)  After ordering consolidation, Judge Love further ordered the parties in the consolidated Texas Action to appear for a scheduling conference on May 22, 2013.  (Cruz Decl. ¶ 4, Ex. 2.)

Prior to the scheduling conference, the parties were to confer and submit a proposed Discovery Order, Docket Control Order, and Protective Order prior to the conference to discuss any disputes.  The parties negotiated a proposed Discovery Order, Docket Control Order, and Protective Order prior to the conference, which was submitted to the court.  The parties agreed on most of the proposed dates, except for the issue of whether and when SolidWorks would be allowed to file a motion for summary judgment on SolidWorks' alleged estoppel and laches defenses.  (*See* Cruz Decl. ¶ 5, Ex. 3.).  The amount of time to add parties was not a dispute before the court.  Judge Love entered the Docket Control Order on May 24, 2014.  Relevant here, the Docket Control Order had a deadline for SolidWorks to add parties on July 15, 2013. (Cruz Decl. ¶ 6, Ex. 4.)

The parties proceeded with discovery in accordance with the timing set forth in the Docket Control Order, Local Rules, and the Protective Order in place.  On June 17, SolidWorks received documents produced by SofTech, Inc. ("SofTech") in response to a third-party subpoena under Fed. R. Civ. P. 45.  SofTech produced documents on June 17, 2013.  (Cruz Decl.

---

dismissed without prejudice by A-D in Case No. 6:12-cv-1021-LED-JDL.  A-D's also-asserted claims against Siemens Product Lifecycle Software Management Software, Inc., Case No. 6:12-cv-1023-LED-JDL, which was not part of the consolidated Texas Matter, were dismissed with prejudice.

¶ 7, Ex. 5).  SofTech's June 17, 2013 production included documents SolidWorks cites in support of its Motion to Compel to produce documents it claims relevant to the claims it only now seeks leave to add.  *See* SolidWorks Mot. to Compel [Doc. No. 102], Exs. 19, 20.

On July 15, 2013, SolidWorks requested whether A-D would oppose an extension of the deadline to add parties set in the Docket Control Order issued in the Texas Action (Cruz Decl. ¶ 8, Ex. 6.)  A-D did not oppose SolidWorks' request, the court granted SolidWorks' request and, on July 19, 2013, SolidWorks filed its Amended Answer and Third Party Complaint naming SofTech as a third-party defendant (Cruz Decl. ¶ 9, Ex. 7.)

Three months after SolidWorks received documents from SofTech, which included documents that mentioned ARG, SolidWorks issued a subpoena to ARG on September 17, 2013. On September 19, 2013, SolidWorks received documents from A-D, after a meet and confer to discuss the scope of SolidWorks' discovery requests to A-D, including production of emails even though SolidWorks had yet to comply with the E-Discovery Order governing the production of emails.  (Cruz Decl. ¶ 10, Ex. 8.)

As discovery was ongoing, Judge Love transferred A-D's case against SolidWorks and Aavid to this District on October 9, 2013.  On December 3, 2013, this Court set a scheduling conference for February 3, 2014 [Doc. No. 47].  Before the scheduling conference, the parties were to provide a proposed scheduling order.  The proposed scheduling order contained the same deadline to amend pleadings set forth in the Texas Matter.  Although the deadline to add parties in the Texas Matter and SolidWorks' requested extension had long passed, SolidWorks did not propose re-opening the deadline in order to add claims against a party.  Indeed, the proposed schedule filed by the parties does not include a specific deadline for the addition of parties, as the

deadline had already passed in the Texas Action, [*see* Doc. No. 51] even though Local Rule 16.1(f)(10) contemplates such a deadline to be issued by the Court.

On April 18, 2014 SolidWorks issued its Second Set of Requests for Production of Documents ("Second Requests").  These requests were directed to A-D's relationship to ARG and/or Acacia Research Corporation and fueled primarily by SolidWorks speculation of A-D's financial ability to pay damages to SolidWorks in the event SolidWorks would prevail.  (*See* SolidWorks' Mot. to Compel 14 [Doc. No. 102]).  On May 15, 2014, A-D provided its objections and responses to SolidWorks' Second Requests.

On July 3, 2014, SolidWorks filed a Motion to Compel A-D to produce documents related to its relationship with ARG and Acacia Research Corporation.  [Doc. No. 102].  On July 14, 2014, A-D filed a Motion for Extension of time to File an Opposition to SolidWorks' Motion to Compel.  [Doc. No. 104.]  On July 16, 2014, the Court granted A-D's motion for extension, extending A-D's time to respond to SolidWorks' Motion to Compel by July 31, 2014, which A-D filed and is currently pending before the Court.

## III.   LEGAL STANDARD

Although Rule 15(a) has a more liberal standard to allow amendments, adding parties after the deadline set in a scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4); *Hyatt v. Hotels of Puerto Rico,* 357 F.3d 152, 154 (1st Cir. 2004) (citations omitted); *House of Clean, Inc. v. St. Paul Fire and Marine Ins. Co., Inc.*, 775 F. Supp. 2d 296, 298 (D. Mass. 2011); *Berwind Property Group, Inc. v. Environmental Mgmt. Group*, 233 F.R.D. 62, 66-67 (D. Mass. 2005).  The "good cause" standard under Rule 16(b) emphasizes the diligence of the party seeking amendment rather than the "freely given" standard of Rule 15(a), which limits denial mostly to the bad faith of the moving party or prejudice to the opposing party.  *Berwind*

*Property Group*, 233 F.R.D. at 66.  The party moving to amend has the burden to establish good cause.  *Id.* at 66.

## IV.   <u>ARGUMENT</u>

### A.   **SOLIDWORKS NEEDS TO SHOW GOOD CAUSE WHY IT SHOULD BE ALLOWED TO ADD PARTIES.**

SolidWorks' motion for leave to add parties should be governed by Rule 16(b), not Rule 15(a) as SolidWorks proposes in its Motion.  A scheduling order was entered in the Texas Matter containing a deadline for SolidWorks to add additional parties on July 15, 2013.  SolidWorks was aware of that deadline, and requested to extend the deadline to add parties until July 19, 2013.  Because the deadline to add parties passed with the scheduling order in place at the time, SolidWorks must show good cause why it should be allowed to join additional parties after that deadline.  Accordingly, the cases cited by SolidWorks applying Rule 15(a) are distinguishable on at least this ground.  *See Espinosa v. Sisters of Providence Health Sys.*, 227 F.R.D. 24, 25-26 (D. Mass. 2005) (applying Rule 15(a) standard to allow amendment of affirmative defenses because other party was already on notice from other pleadings); *Abraham v. Woods Hold Oceanographic Inst.*, 553 F.3d 114, 118 (1st Cir. 2009) (affirming denial of motion for leave to amend under Rule 15(a) because amendment was futile); *U.S. ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009) (denying leave to amend under Rule 15(a) because failed to cure deficiencies in previous pleadings); *Federal Ins. Co. v. Boston Water & Sewer Comm'n*, 551 F. Supp. 2d 117, 120 (D. Mass. 2008) (applying Rule 15(a) standard to allow amendment of claims against a party already named in the action); *Abreu v. Ann & Hope, Inc.*, Civil Action No. 00-11737-JLT, Civil Action No. 00-11737-JLT, 2002 WL 34370187, at *1 (D. Mass. Nov. 6, 2002) (applying Rule 15(a) standard); *International Envtl. Mgmt., Inc. v. Envirotron, Ltd.*, 724 F. Supp.

2d 230, 235 (applying Rule 15(a) standard to allow amendment of claims against a party already named in the action).

### B.    SOLIDWORKS MAKES NO SHOWING OF GOOD CAUSE

SolidWorks makes no showing of good cause why it should be allowed to add parties. The deadline set forth in the scheduling order in the Texas Matter was July 15, 2013.  It has been over a year from the deadline to add parties.  SolidWorks had information relating to ARG and the patent purchase from SofTech prior to the deadline to add parties.  For example, on June 17, 2013, SolidWorks received documents from SofTech relating to the patent purchase agreement. Indeed, SolidWorks provides documents from the June 17, 2013 production to support its earlier filed Motion to Compel, which seeks to compel documents that purport to be relevant to claims it had not asserted and that SolidWorks only now seeks leave to add.  (*See* SolidWorks Mot. to Compel [Doc. No. 102], Exs. 19 and 20).   SolidWorks had these documents previous to the deadline set to add parties in the Texas Action.

At best, it has been eleven months since SolidWorks had the information it claims to rely on to support its addition of parties.  On September 19, 2013, A-D produced non-privileged and non-protected documents relevant to the patent infringement suit.  (*See* Cruz. Decl. ¶ 10, Ex. 8.) Although SolidWorks did not propound specific email requests according to the E-Discovery Order, A-D agreed to produce emails as part of its production.  Although SolidWorks admits "it learned early on that Acacia was related to A-D,"[4] SolidWorks does not explain why it waited 11 months from receiving additional information to now move to add additional parties.

---

[4] SolidWorks misconstrues the content of the initial corporate disclosures by bracketing [A-D] for "Defendant," which was filed in error.  A-D amended its corporate disclosure statement after learning its previously-filed disclosure statement contained inadvertent errors, such as the filing being for "Defendant," not Plaintiff A-D and its status as a wholly owned subsidiary of Acacia Research Group LLC.

Moreover, SolidWorks had this additional information when Judge Love transferred A-D's claims against SolidWorks and Aavid to this District on October 9, 2013.  After the transfer, the parties were to submit a joint statement and proposed scheduling order pursuant to Local Rule 16.1(d).  Despite having received additional information on September 19, 2013, and knowing that the deadline to add parties had elapsed, SolidWorks did not propose re-opening the deadline to add parties.  SolidWorks should not be allowed to now add parties after the deadline elapsed, particularly when SolidWorks remained silent on proposing adding parties as part of the scheduling order, despite having additional discovery.

A-D would also suffer prejudice with the addition of another party to unnecessarily complicate the litigation.  Although the focus of the "good cause" standard under Rule 16(b) focuses on the moving party's delay, prejudice to the other party, although not a dominant criterion, remains relevant.  *O'Connell*, 357 F. 3d at 154.  In particular, SolidWorks' purported damages are entirely speculative unless SolidWorks is successful in defending against A-D's infringement claims.  A finding of SolidWorks' infringement absent successful defenses precludes being a "prevailing party" and the possibility of finding the case "exceptional" under 35 U.S.C. § 285 ("Section 285").  *See generally* Section 285 ("the court in exceptional cases may award reasonable attorney fees to *the prevailing party*") (emphasis added).

This is not a case where the proposed amended counterclaims to add a party are similar to the claims already asserted by SolidWorks.  *See White v. One World Techs. Inc.*, Civil Action No. 09-10011-NMG, 2011 U.S. Dist. LEXIS 130424, at *8 (D. Mass. Nov. 9, 2011) (allowing motion to amend claims due to the "similarity of the claims at issue").  Instead, allowing the addition of another party here entails new legal theories and facts not related to the claims and defenses already asserted.  Adding an additional party for claims that may not even materialize

would prejudice A-D by unnecessarily complicating and prolonging A-D's patent infringement claims which, if successful, would render SolidWorks' proposed claims against a third-party moot.

### C.   SOLIDWORKS' MOTION IS AN ATTEMPT TO CURE A FLAW IN ITS MOTION TO COMPEL AND OBTAIN DISCOVERY IT IS NOT PERMITTED TO TAKE

SolidWorks' motion for leave to add a party is nothing more than an attempt to cure a flaw in its previously-filed motion to compel responses discovery requests.  As further detailed in A-D's response to SolidWorks' Motion to Compel [Doc. No. 108], SolidWorks requested documents directed towards A-D's bank accounts, financial information, and payment of litigation fees.  However, the discovery sought by SolidWorks was not relevant or reasonably calculated to lead to admissible evidence regarding any claims by A-D in its patent infringement suit, nor to any counterclaims or defenses raised by SolidWorks.  Importantly, SolidWorks fails to recognize the distinction in the different claims in this action and misconstrues the relevance of the discovery it sought from A-D.  For example, the documents and communications provided by SofTech relate to the obligations of the patent purchase agreement between SofTech and ARG.  These documents were not communications between SofTech and A-D.  Issues regarding the obligations between ARG and SofTech related to the patent purchase agreement are distinct from A-D's patent infringement claims against SolidWorks.  Indeed, ARG has separate counsel addressing the patent purchase agreement between ARG and SofTech.  (Cruz Decl. ¶ 11, Ex. 9.) SolidWorks now applies circular reasoning, claiming that because it was entitled to irrelevant documents, it should now be allowed to assert claims so that it would be entitled to those documents.  This cannot establish good cause why SolidWorks should be allowed to belatedly amend claims to add parties.

## V. CONCLUSION

For the foregoing reasons, A-D respectfully requests the Court deny SolidWorks' Motion in its entirety.

Date:  August 15, 2014                    Respectfully submitted,

  /s/Justin R. Cruz
John R. Posthumus (*pro hac vice* admission)
jposthumus@sheridanross.com
Justin R. Cruz (*pro hac vice* admission)
jcruz@sheridanross.com
 SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Phone:  303.863.9700
Fax:  303.863.0223
litigation@sheridanross.com

Asya Calixto (BBO 682238)
acalixto@princelobel.com
PRINCE LOBEL TYE LLP
100 Cambridge Street, Suite 2200
Boston, Massachusetts 02114
Phone:  617.456.8000
Fax:  617.456.8100

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non registered participants on August 15, 2014.

  /s/ Justin R. Cruz